374 S.E.2d 319

Charlotte CANESTRARO, Phyllis Yanko-
vich, Edward M. Kuca, Jr., Geraldine
Kuca, Richard A. Dinger, and Cecil A.
Bowman

v.

Kenneth FAERBER, Commissioner of
the West Virginia Department of
Energy.

No. 18541.

Supreme Court of Appeals of
West Virginia.

Oct. 26, 1988.

Milton Zelermyer, Morgantown, Jushua
I. Barrett, DiTrapano & Jackson, Charles-
ton, Patrick C. McGinley, Morgantown, for
petitioners.

Jackson & Kelly, Charleston, for Consoli-
dation Coal.

NEELY, Justice:

This is a petition for a Writ of Mandamus
and Prohibition by six residents of Mar-
shall County who live downstream from a
coal waste dam operated by Consolidation
Coal Company ("Consolidation"). Consoli-
dation applied to the West Virginia Depart-
ment of Energy ("DOE") as required by
the West Virginia Surface Coal Mining and
Reclamation Act (WVSCMRA), *W.Va.Code*,

22A–3–1 *et seq.* for a permit to expand the dam. At issue is where the Commissioner of DOE must make applications for permits available for public inspection.

DOE regulates surface mining operations in West Virginia under provisions of WVSCMRA and pursuant to a cooperative agreement with the Secretary of the U.S. Department of Interior under the federal Surface Mining Control and Reclamation Act of 1977 ("SMCRA"). 30 U.S.C. § 1201 *et seq.* The federal act establishes minimum standards governing surface coal mining and allows states either to be directly regulated by the federal government, or to enact and administer their own regulatory program, subject to approval of the state program by the Federal Office of Surface Mining ("OSM"). The state program need not be identical to the federal program, as long as its provisions are at least as stringent as those provided for in the federal act.

When an operator seeks a permit to enlarge a coal waste dam, WVSCMRA requires that a copy of the permit application be filed for public inspection "... in the nearest office of the department of energy ..." *W. Va. Code*, 22A–3–9(c) [1985]. However, the comparable provision in the federal act requires the application be filed "... with the recorder at the courthouse of the county or an appropriate public office approved by the regulatory authority where the mining is proposed to occur...." 30 U.S.C. § 1257(e). The regulations that implement the federal act require the application be filed "... with the recorder at the courthouse of the county where the mining is proposed to occur, or an accessible public office approved by the regulatory authority...." 30 C.F.R. § 773.13(a)(2).

The DOE has six regional offices throughout the state. Respondent, Commissioner of DOE, has made Consolidation's application available for public inspection in Fairmont, the DOE office closest to Marshall County. The petitioning local residents point out that Fairmont requires a 190 mile round trip for them and, therefore, they must take a day off from work to review the application. The residents argue that the Commissioner's failure to make the application available locally subverts the Congressional intent to provide for full and effective public participation.

The Commissioner argues that because the state regulatory program was approved by the Federal Office of Surface Mining ("OSM"), the only question is whether he is in compliance with the state law. He further argues that the language in the state law (*W. Va. Code*, 22A–3–9(c)) is clear and requires filing the application only at the nearest DOE office. The local residents assert that approval of a state program by the OSM does not release the state regulatory body (DOE) from complying with a federal provision that is more stringent than its state counterpart. The residents insist that Respondent Commissioner has a mandatory, non-discretionary duty to require filing of applications at the courthouse or other accessible public office within the county where the proposed mining activity will occur. Therefore, petitioners ask for a Writ of Mandamus requiring Respondent to have Consolidation's application made available for public inspection in the Marshall County Courthouse and commanding Respondent not to issue a permit to Consolidation until the public review process is repeated with the application filed in Marshall County. For the reasons set forth below, we award the writ.

I

██ The problem in this case arises from the fact that the West Virginia notice provision was approved by the OSM in spite of the fact that the public access requirement at issue is not as stringent as that provided in the federal notice provision. It would appear that the OSM should not have approved the program with this provision as written, but that is not our concern. The question we must answer is whether the requirements of the federal act continue to have force and effect after the state program has been approved.

It is the clear intention of Congress that the provisions of state programs be at least as stringent as those in SMCRA itself.

Section 503 of SMCRA, 30 U.S.C. § 1253, titled "State Programs" provides, in part:

(a) Each State in which there are or may be conducted surface coal mining operations on non-Federal lands, and which wishes to assume exclusive jurisdiction over the regulation of surface coal mining and reclamation operations ... shall submit to the Secretary ... a State program which demonstrates that such State has the capability of carrying out the provisions of this Act and meeting its purposes through—

(1) a State law which provides for the regulation of surface coal mining and reclamation operations *in accordance with the requirements* of this Act;....

(4) a State law which provides for the effective implementation, maintenance, and enforcement of a permit system, *meeting the requirements* of this title for the regulation of surface coal mining and reclamation operations for coal on lands within the State; ...; and

(7) rules and regulations *consistent with regulations* issued by the Secretary pursuant to this Act.[1] (emphasis added)

Clearly, Congress intended that state provisions be no less stringent or effective than the federal provisions. But what if a state law is approved that is less stringent or effective? The federal act further provides in 30 U.S.C. § 1255(a), titled "State Laws" that:

(a) No State law or regulation in effect on the date of enactment of this Act [enacted Aug. 3, 1977] or which may become effective thereafter, shall be superseded by any provision of this Act or any regulation issued pursuant thereto, *except insofar as such State law or reg-*

*ulation is inconsistent with the provisions of this Act.* [Emphasis added].

The provision in *W. Va. Code,* 22A–3–9(c) [1985] that requires filing the application at the nearest office of DOE is inconsistent with the provision in the federal act that requires the application to be filed at the county courthouse "... or an appropriate public office approved by the regulatory authority where the mining is proposed to occur...." Because the state provision is inconsistent with the federal provision, the latter supersedes the former as provided in 30 U.S.C. § 1255(a).

II

■ Additional authority for our decision is found in the regulations promulgated pursuant to the federal act.[2] The regulation titled "General requirements for maintaining State programs," 30 C.F.R. § 733.-11, reads:

States with an approved State program shall implement, administer, enforce and maintain it in accordance with the Act, this chapter, and the provisions of the approved State program.

This regulation requires the State to abide not just by the provisions of the state program, but also by the provisions of SMCRA and regulations promulgated pursuant to SMCRA. In a case such as this, when there is a conflict between the federal and state provisions, the less restrictive state provision must yield to the more stringent federal provision notwithstanding the administrative approval of the state law by OSM.

We hold that Respondent must make Consolidation's application available for public inspection at the Marshall County

---

**1.** The terms "consistent with" and "in accordance with" are synonyms defined as follows, at 30 C.F.R. § 730.5:

(a) With regard to the Act, the State laws and regulations are no less stringent than, meet the *minimum requirements* of and include all applicable provisions of the Act.

(b) With regard to the Secretary's regulations, the State laws and regulations are no less effective than the Secretary's regulations in meeting the *requirements* of the Act (emphasis added).

**2.** The regulations include a provision similar to 30 U.S.C. § 1255, quoted above, titled "Enforcement Authority" which states:

Nothing in the Act or these regulations shall be interpreted to preclude a State from exercising its authority to enforce State law, regulations, and permit conditions, unless compliance with the State law, regulations, or permit condition will preclude compliance with these regulations.

30 C.F.R. § 720.11.

Courthouse, or at a public office in Marshall County equally accessible to the local petitioning residents. We see no need for the application to be indexed or recorded in the county courthouse. In other cases, DOE must make applications available for public inspection in the courthouse of the county in which the proposed mining activity is to occur, or in a DOE local office in the county if one exists.

Chief Justice McHUGH and Justice McGRAW would require all filings to be in the courthouses.

WRIT AWARDED.